1  Richard Morin (SBN 285275)
2  Bryce Fick (SBN 322951)
   Law Office of Rick Morin, PC
3  500 Newport Center Drive Suite 610
   Newport Beach, CA 92660
4  Phone: (949) 996-3094
   Email: legal@rickmorin.net
5
6  Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lee Dozier,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>Modesto Retail Group, LLC, and Dolgen California, LLC,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Lee Dozier ("Plaintiff") alleges the following:

### INTRODUCTION

1. Plaintiff brings this action against Defendants Modesto Retail Group, LLC ("MRG") and Dolgen California, LLC ("Dolgen") (collectively "Defendants") for unlawfully discriminating against Plaintiff because of his disability at the Dollar General Market and surrounding commercial property located at 2003-B Tully Road in Modesto, California.

2. Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California statutes.

### PARTIES

3. Plaintiff is a natural person and an adult. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4. Defendant MRG is a California limited liability company with its principal office in San

Jose, California.

5. Defendant Dolgen is a Tennessee limited liability company with its principal office in Tennessee. Defendant Dolgen has at all times relevant to this complaint conducted business and operated in California.

6. Defendant MRG owned and currently owns the commercial real property located at 2003-B Tully Road in Modesto, California ("Property") where the Dollar General Market is operated by Defendant Dolgen.

## JURISDICTION

7. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## VENUE

9. Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the Property is in this district and that Plaintiff's claims arose in this district.

## FACTUAL ALLEGATIONS

10. Plaintiff is 80 years old and is disabled.

11. Plaintiff suffers from disabilities, and/or medical condition(s) that is a disability. Plaintiff used to build houses. And construction labor took a toll on Plaintiff's body, and he has significant mobility issues, including a bad back.

12. Plaintiff collects social security.

13. Plaintiff's wife suffered from a stroke earlier this year and Plaintiff spends a large amount of his time caring for his wife.

14. Plaintiff utilizes a ride-on scooter to help get around on a day-to-day basis when he finds it otherwise too difficult to walk on his own. When he is feeling well enough to not use his ride-on scooter, Plaintiff utilizes a walker to help with his mobility.

15. The Dollar General Market and the Property are open to the public, intended for non-

residential use, and its operation affects commerce.

16. The Dollar General Market and the Property are public accommodation and business establishment.

17. On September 28, 2022, Plaintiff visited the Property to shop at the Dollar General Market. The market is close to his house (less than a mile away) and he shops there frequently.

18. On his various visits to the market, Plaintiff has been frustrated to find that Defendants did not provide accessible parking spaces in compliance with the applicable ADA regulations and California law.

19. Specifically, Plaintiff noted that:

   a. There are no accessible parking spaces whatsoever serving the Dollar General Market.

   b. While there are several other accessible parking spaces spread throughout the shopping center parking lot, there are an insufficient total number of accessible parking spaces in the lot: There are approximately 198 parking spaces total, which means the shopping center must have at least six accessible parking spaces. There are only four.

   c. In any event, the accessible parking spaces that do exist are configured incorrectly. For instance, several parking spaces have excessive slopes and are not long enough due to a gutter swale. Other spaces have faded paint and are missing the NO PARKING lettering. Signage supporting the accessible spaces are incorrect because they are missing the Minimum Fine signage.

20. Plaintiff is informed and believes that the Property has undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

21. Plaintiff has suffered and continues to suffer violations of the right to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer embarrassment and humiliation if the barriers at the Property and the Dollar General Market are not removed.

22. The lack of convenient accessible parking close to the Dollar General Market creates problems for Plaintiff because of his limited mobility. The fact that Plaintiff has to park far away from the entrance in the limited number of accessible parking spaces can be very taxing on Plaintiff's body, especially because Plaintiff cannot walk long distances unassisted.

**FIRST CAUSE OF ACTION**

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

Against all Defendants

23. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

24. Defendants has denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of the Property and the Dollar General Market.

Failure to Remove Architectural Barriers at an Existing Property

25. Defendants have failed to remove architectural barriers, which are structural in nature, where it is reasonably achievable, without much difficulty or expense, and the cost of removing the architectural barriers does not exceed the benefits under these particular circumstances.

26. For those barriers where it is not reasonably achievable to remove them, if any, Defendants have failed to make the goods, services, facilities, or accommodations available through alternative methods that are readily achievable.

Failure to Design and Construct an Accessible Property

27. The improvements on the Property and where the Dollar General Market is located were designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

28. Defendants violated the ADA by failing to design and construct the facilities on the Property and at the Dollar General Market in a manner that was readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

Failure to Make an Altered Facility Accessible

29. Plaintiff believes and alleges that the Property was modified after January 26, 1993, independently triggering access requirements under the ADA.

30. The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

31. Defendants altered the Property in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

### Failure to Maintain Accessible Features

32. Defendants violated the ADA by failing to maintain in operable and working condition those features of the Property that are required to be readily accessible to and be usable by persons with disabilities.

33. Defendants' failure in maintaining the Property in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

34. The configuration and condition of Defendants' Property and/or Dollar General Market denied Plaintiff a public accommodation due to Plaintiff's disability.

35. It is readily achievable for Defendants to remove the architectural barriers.

36. Defendants do not have any legitimate business justification to excuse the condition and configuration of the Property and/or Dollar General Market.

37. Defendants' violations are the cause of suffering for Plaintiff.

38. Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

### SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

Against all Defendants

39. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

40. As described above, Defendants intentionally discriminated against Plaintiff during his visit to the Property and/or the Dollar General Market.

41. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

42. Defendants' acts and omissions as specified are in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff's rights to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

43. Plaintiff was harmed.

44. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

45. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

46. Plaintiff also seeks to enjoin Defendants from violating disabled persons' rights.

47. Although Plaintiff encountered frustration and difficulty by facing discriminatory barriers, even manifesting itself with minor and fleeting physical symptoms, Plaintiff does not value this modest physical personal injury greater than the amount of the statutory damages.

## **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendant to cease their discrimination of disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, 54 and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: October 18, 2022

Law Office of Rick Morin, PC

Richard Morin
Bryce Fick
Attorneys for Plaintiff